# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **BARRY GIBSON,**  *Plaintiff*,  v.  **TINA ZANDERS,** *et al.*,  *Defendants.* | **CIVIL ACTION NO. 5:19-cv-00366-TES-MSH** |

## ORDER ADOPTING THE UNITED STATES MAGISTRATE JUDGE'S RECOMMENDATION

After a de novo review of the record, the Court **ADOPTS** the United States Magistrate Judge's Report and Recommendation [Doc. 31] and **MAKES IT THE ORDER OF THE COURT**. 28 U.S.C. § 636(b)(1)(C). The Court reviewed and considered Plaintiff's Objection [Doc. 32] to the Report and Recommendation and finds that it lacks merit. The magistrate judge recommends the Court grant Defendants' Motion for Summary Judgment [Doc. 26] on Plaintiff's claims concerning Defendants' deliberate indifference to his exposure to heavy environmental tobacco smoke ("ETS"). [Doc. 31, p. 1]. In Plaintiff's Objection, Plaintiff asserts the magistrate judge improperly weighed the evidence in Defendants' favor and that Plaintiff introduced evidence that (1) prison officials were smoking at the prison and (2) he complained about his exposure to

second-hand smoke but the prison officials treated him with deliberate indifference. [Doc. 32-1, pp. 1—6].

The Eighth Amendment prohibits the "inflict[ion]" of "cruel and unusual punishments." U.S. Const. amend VIII. A prisoner seeking to impose liability for an Eighth Amendment claim must establish the existence of "(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Lane v. Philbin*, 835 F.3d 1302, 1307 (11th Cir. 2016). "To establish a violation of the Eighth Amendment due to exposure to second-hand smoke, or [ETS], a prisoner must show that the defendants have, 'with deliberate indifference, exposed him to levels of ETS that pose an unreasonable risk of serious damage to his future health.' " *Cassady v. Donald*, 447 F. App'x 28, 30 (11th Cir. 2011) (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). "The prisoner must establish that 'he himself is being exposed to unreasonably high levels of ETS' (the objective element) and 'that prison authorities demonstrated a deliberate indifference to his plight' (the subjective element)." *Cassady*, 447 F. App'x at 30 (quoting *Kelley v. Hicks*, 400 F.3d 1282, 1284 (11th Cir. 2005)).

As for the subjective factor, to establish deliberate indifference, "the prisoner must prove three facts: (1) subjective knowledge of a risk of harm; (2) disregard of that risk; and (3) [c]onduct that is more than mere negligence." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004).

"The adoption of a smoking policy will bear heavily on the inquiry into deliberate indifference." *Kelley*, 400 F.3d at 1284. Moreover, a prisoner who shows nothing more than negligent enforcement of such a policy falls short of establishing an Eighth Amendment violation. *Id*. at 1285. However, "the mere existence of such a policy will not, by itself, satisfy the requirements of the Eighth Amendment; there must be a good faith effort to enforce the policy and the absence of such an effort may result in a finding of deliberate indifference." *Bartlett v. Pearson*, 406 F.Supp.2d 626, 632 (E.D. Va. 2005); *see also Talal v. White*, 403 F.3d 423, 428 (6th Cir. 2005).

Plaintiff has failed to put forth facts demonstrating that Defendants acted with deliberate indifference toward Plaintiff's exposure to ETS.

First, Defendants Zanders (Counselor), Spikes (Deputy Warden), and Taylor (Health Service Administrator) lacked the authority to provide Plaintiff his desired remedy for the ETS problem, a transfer, and they acted reasonably upon receipt of information alleging a hazard to his health.[1] [Doc. 26-12, Taylor Aff., ¶¶ 1—11 (Taylor averred that—while looking into Plaintiff's grievance about medical care for ETS exposure—he concluded Plaintiff could obtain medical services for smoke exposure)]; [Doc. 26-7, Zanders Aff., ¶¶ 4—5 (Zanders averred that she lacked the authority to decide if Plaintiff could be moved to a different cell)]; [Doc. 26-3, Gibson Depo., pp.

---

[1] Further, Plaintiff has not provided evidence that the officials could have provided him a non-smoking housing alternative.

33:23—34:18 (Zanders told Plaintiff she lacked the authority to transfer him but directed him to speak with Woodson, the Unit Manager, about the matter)]; [*Id.*, pp. 49:9—51:21 (Spikes told Plaintiff that he lacked authority to transfer him to a different cell)]; [Doc. 26-9, Spikes Aff., ¶ 4 (Spikes averred he was only involved in transfer requests if there was a security issue)].

Second, Defendant Woodson (Unit Manager) did not act with deliberate indifference toward Plaintiff's exposure to ETS. After Plaintiff requested a housing transfer, Woodson told Plaintiff to "get out of his face" and that inmates smoked in all the housing areas. [Doc. 26-3, Gibson Depo., pp. 29:15—25, 39:8—18]. While Woodson could have requested the Warden approve Plaintiff's transfer, his failure to do so did not amount to an unconstitutional disregard for Plaintiff's health risk from exposure to ETS. *See* [Doc. 26-8, Woodson Aff., ¶ 12]. Woodson averred that smoking existed in all areas—so he did not believe a move would solve Plaintiff's issue—and that he attempted to enforce the no-smoking policy. [*Id.*, ¶¶ 3, 7—11, 13—16]. Further, Plaintiff has not presented evidence that Woodson acted deliberately indifferent to his ETS exposure or could have solved his issue by requesting approval to transfer him to a different cell.

Third, Defendants Bowen (Warden) and Thomas (Deputy Warden of Care and Treatment) also did not treat Plaintiff with deliberate indifference when they did not move him to a different facility or expedite his request to change his housing

4

arrangements at the prison. As noted by the magistrate judge, "Gibson admits he had requested to be moved to a cell house, and Bowen—after consulting with Thomas—ordered that he be placed in a cell house" when one became available, even if they did not believe it would rectify Plaintiff's condition. [Doc. 31, p. 12]; [Doc. 26-11, Bowen Aff., ¶¶ 18—19]. Further, Gibson has not presented any evidence that Thomas or Bowen believed he required special treatment to avoid ETS or that his needs were more urgent than the other prisoners.

But most importantly, simply because Plaintiff was not granted a transfer to a different cell or prison, does not mean Defendants acted with deliberate indifference to his exposure to ETS. The issue is not whether Plaintiff was denied his requested remedy but what actions the prison officials took to prevent Plaintiff's exposure to second-hand smoke that was unreasonably dangerous.

Here, the prison has an anti-smoking policy, and Defendants—at least those in charge of enforcing the anti-smoking policy—averred they attempted to force compliance, including by disciplining inmates caught with tobacco products and arresting employees and visitors caught bringing tobacco products into the prison. [Doc. 26-15 (Policy prohibiting tobacco products)]; [Doc. 26-11, Bowen Aff., ¶¶ 7—9]; [Doc. 26-10, Thomas Aff., ¶¶ 5—7]; [Doc. 26-9, Spikes Aff., ¶¶ 8—13]; [Doc. 26-8, Woodson Aff., ¶¶ 6—9]. Plaintiff has not provided any evidence that Defendants were more than negligent in attempting to curb the amount of tobacco smoke in the prison.

As correctly noted by the magistrate judge, Plaintiff's blanket statements that prison officials ignored the no-smoking policy could show imperfect enforcement but not that Defendants acted with deliberate indifference. [Doc. 31, pp. 14—15]. Accordingly, the Court finds Plaintiff has failed to provide evidence that Defendants did not make a good faith effort to enforce its anti-smoking policy.

Therefore, the Court **ADOPTS** the United States Magistrate Judge's Report and Recommendation [Doc. 31] and **GRANTS** Defendants' Motion for Summary Judgment [Doc. 26].

**SO ORDERED**, this 7th day of August, 2020.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**